#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ALABAMA
#### SOUTHERN DIVISION

VINCENT MYLES,            :

   Plaintiff,          :

vs.                                        CA 06-0136-C

                                 :

ATLANTIC MARINE, INC.,

                                 :

   Defendant.

#### **ORDER**

This cause is before the Court on the settling plaintiff's motion to declare final the judgment previously entered in his favor (Doc. 19; *see also* Doc. 16 (judgment)), defendant's response and cross motion for satisfaction of judgment (Doc. 20), plaintiff's reply to the response (Doc. 21), and the defendant's surreply (Doc. 21, Exhibit 1).[1] Based upon the reasons set forth herein, the Court finds plaintiff's request **MOOT** inasmuch as the Court's May 22, 2006 judgment constitutes its final judgment in this matter.

The plaintiff in this case settled his claims against the defendant, pursuant to Fed.R.Civ.P. 68, through an accepted offer of judgment. (*See* Doc. 15) Based upon the accepted offer of judgment, the Court entered judgment in this case, on May 22, 2006, as follows: "In accordance with the offer of

---

[1]    The defendant's motion for permission to file surreply (Doc. 21) is **GRANTED**.

judgment and notice of acceptance thereof filed May 15, 2006 [], the plaintiff, Vincent Myles, shall have and recover from the defendant, Atlantic Marine, Inc., the sum of $12,250.00, plus cost and attorneys' fees." (Doc. 16)[2]

The Court's entry of judgment on May 22, 2006 constituted its final and appealable judgment disposing of all of the plaintiff's claims against the defendant. *See Utility Automation 2000, Inc. v. Choctawhatchee Elec. Cooperative, Inc*., 298 F.3d 1238, 1239 (11th Cir. 2002) ("Prior to trial, Defendants served upon UA 2000 an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure[.] . . . UA 2000 accepted the offer of judgment, and the district court entered a Final Judgment ordering that Plaintiff Utility Automation 2000, Inc. have and recover of Defendants Choctawhatchee Electric Cooperative, Inc., Chelco Services, Inc. and Tommie

---

[2] The Court's entry of judgment on a separate document probably was superfluous given the well-recognized principle that "[a] Rule 68 Offer of Judgment is usually considered self-executing." *Ramming v. Natural Gas Pipeline Co. of America*, 390 F.3d 366, 370 (5th Cir. 2004); *see also Fafel v. Dipaloa*, 399 F.3d 403, 414 (1st Cir. 2005) ("In order to trigger entry of judgment under Rule 68, one party must first 'file the offer and notice of acceptance together with proof of service thereof.' . . . Upon filing, the clerk of court 'shall enter judgment.'"); Fed.R.Civ.P. 68 ("At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment."). It is considered self-executing because a court "generally has no discretion whether or not to enter the judgment." *Ramming, supra*, 390 F.3d at 370.

Gipson the sum of $45,000, with costs accrued[.] . . . Following the court's entry of the Final Judgment, UA 2000 submitted a motion for the attorney's fees, costs, and expenses incurred prior to the service of the Rule 68 offer of judgment."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("From the foregoing it appears that Rule 68 judgments are self-executing. Unlike imposed judgments and ordinary consent judgments, once the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement. Therefore, contrary to the contentions of the defendants, a Rule 68 judgment inherently possesses a significant degree of finality because of the absence of court discretion in its implementation. Its finality is also indicated by the fact that a Rule 68 judgment results from a binding contract . . . . Based on these considerations, we conclude that the appealability of the Rule 60(b) order is not affected by a claimed lack of finality in the Rule 68 judgment."). In other words, once the plaintiff accepted Atlantic Marine's offer of judgment, all of his claims against the defendant were settled and his case concluded, *Williams v. J.C. Penney Co., Inc.,* 1991 WL 150617, *1 (S.D. N.Y. 1991) ("Under Rule 68 of the Federal Rules of Civil Procedure, a party may compromise a claim by offering a settlement to be entered against it in a form of a final judgment. By operation

of the rule, if the offer is accepted, all claims are settled and the case is concluded."); *see also Curry v. County of Lake*, 1995 WL 125445 (N.D. Cal. 1995) ("An offer of judgment is an offer that judgment be entered on all claims in the action in which it is offered unless otherwise stated. The acceptance is an agreement that the offer be accepted on those terms."), making this Court's judgment final, *see Gardner v. Catering by Henry Smith, Inc.*, 205 F.Supp.2d 49, 51 (E.D. N.Y. 2002) ("[T]he plaintiff's acceptance of the Rule 68 offer of judgment constitutes a final judgment."), and reserving for the Court solely the issue of the amount of costs and fees recoverable by plaintiff against the defendant (Doc. 16 ("The costs and attorneys' fees are to be determined by the Court.")). Accordingly, the plaintiff's motion to declare the judgment final for purposes of collection (Doc. 19) is **MOOT** as is the defendant's request that the Court deny plaintiff's motion "until such time as the Court has determined the proper tax treatment of the payments made pursuant to the offer of judgment." (Doc. 20, at 8)[3] This Court need not declare final that which is

---

[3]   There is nothing about the Court's May 22, 2006 judgment which suggests that it is not a final judgment. Certainly, this judgment is set forth on a separate document, thereby satisfying Rule 58(a)(1)'s requirement that "[e]very judgment and amended judgment must be set forth on a separate document[.]" Moreover, the time of entry of judgment has been established. "Judgment is entered for purposes of these rules: . . . (2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occur: (A) when it is set forth on a separate document, or (B) when 150 days have run from entry in the civil docket under Rule 79(a)." Fed.R.Civ.P. 58(b)(2)(A)-(B); *see*

patently final on its face.

**DONE** and **ORDERED** this the 4th day of August, 2006.

>       s/WILLIAM E. CASSADY
>       **UNITED STATES MAGISTRATE JUDGE**

---

Fed.R.Civ.P. 79(a) ("The clerk shall keep a book known as 'civil docket' of such form and style as may be prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States, and shall enter therein each civil action to which these rules are made applicable. Actions shall be assigned consecutive file numbers. The file number of each action shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. **The entry of an order or judgment shall show the date the entry is made**.") (emphasis supplied)) Here, a perusal of the Docket Sheet in this matter establishes that the Court's judgment was a separate document which was entered on the civil docket on May 22, 2006. Accordingly, the judgment entered in this case was final and appealable on May 22, 2006.